1  TROUTMAN SANDERS LLP
   Marcus T. Hall, Bar No. 206495
2  marcus.hall@troutman.com
   Dean A. Morehous, Bar No. 111841
3  dean.morehous@troutman.com
   Craig C. Crockett, Bar No. 265161
4  craig.crockett@troutman.com
   Ryan A. Lewis, Bar No. 307253
5  ryan.lewis@troutman.com
6  580 California Street, Suite 1100
   San Francisco, CA 94104
7  Telephone: 415.477.5700
   Facsimile: 415.477.5710
8

9  Attorneys for Plaintiff
   KENU, INC.
10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                           WESTERN DIVISION

14

| | |
|---|---|
| 15  KENU, INC., | Case No. 2:18-cv-03049 MWF(JEMx) |
| 16              Plaintiff, | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)** |
| 17       v. | |
| 18  BELKIN INTERNATIONAL, INC., and DOES 1 through 10, inclusive, | |
| 19 | **DEMAND FOR JURY TRIAL** |
| 20              Defendants. | |

Plaintiff Kenu, Inc. ("Kenu"), for its Complaint alleges as follows:

1. Kenu is a San Francisco company that specializes in combining technology, art, and design in creating mobile phone products and accessories. Such products include Kenu's AIRFRAME and AIRFRAME+ products ("AIRFRAME"). Kenu's AIRFRAME products are portable hands-free in-car mounts for mobile or smartphone devices that attach to any car air vent. Kenu's AIRFRAME products have met immediate success for their elegant design and superior functionality over traditional car mounts that are often bulky or rely on adhesives, which detach over time. Seeking to capitalize on Kenu's success, competitors have copied Kenu's innovative AIRFRAME to "free ride" on the efforts of Kenu. This action seeks to remedy the unauthorized sale of one such knock-off product sold by Defendant Belkin International, Inc. ("Belkin").

**THE PARTIES**

2. Kenu is a corporation organized and existing under the laws of Delaware and having a place of business at 560 Alabama Street, San Francisco, California 94110.

3. Belkin is a corporation organized under the laws of Delaware and having a place of business at 12045 East Waterfront Drive, Playa Vista, California 90094, with business activities throughout the world and on the World Wide Web including at www.belkin.com.

4. Kenu does not know the true names and capacities of DOES 1 through 10, inclusive, and therefore sues them by these fictitious names. When the true names and capacities are discovered for these DOE defendants, Kenu will seek to amend this pleading to allege the true names and capacities in lieu of the fictitious names. Kenu is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this pleading.

5. On information and belief, Belkin and DOES 1 through 10 are, and at all times mentioned herein were, the alter egos, parents, subsidiaries, agents, partners, associates, joint-venturers, servants, employees, and/or other authorized representatives of each other, and in doing the things herein alleged were acting within the course and scope of their authority, agency, and employment, and with the knowledge, consent, and approval of their fellow defendants.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for patent infringement and unfair competition under California Business and Professions Code § 17200 et seq.

7. Pursuant to 28 U.S.C. § 1331, this Court has federal subject matter jurisdiction over Kenu's claims for patent infringement. Further, this Court has subject matter jurisdiction pursuant to the following statutes: 28 U.S.C. § 1338(a) (Acts of Congress relating to patents) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8. Belkin is subject to personal jurisdiction in the Central District of California (this "District") because, among other things, Belkin maintains its corporate headquarters within the state of California and in this District, and Belkin is engaged in wrongful conduct within the state of California and in this District, including placing into commerce infringing goods and infringing upon Kenu's patent rights in this District. Belkin has maintained substantial, continuous, and systematic contacts with the state of California and this District through its business dealings and activities within and with residents of the state of California and this District.

9. Venue is proper within this District under 28 U.S.C. § 1391(b), (c), and/or (d) and 28 U.S.C. § 1400(b) because Belkin resides in this District, maintains its corporate headquarters in this District, transacts business within this

District, and offers for sale and sells in this District products that infringe Kenu's intellectual property rights.

## FACTS APPLICABLE TO ALL CLAIMS

**A. Kenu's AIRFRAME Products and Intellectual Property**

10. Kenu is a successful mobile phone accessory business that designs, develops, and distributes artistic and functional mobile phone accessories that are one-of-a-kind in today's marketplace. Kenu's AIRFRAME product line offers portable hands free in-car mounts for mobile devices.

11. AIRFRAME+ is designed for wider phones, phablets and cases than the original AIRFRAME. AIRFRAME+ works with devices up to 3.4 inches wide, while the original AIRFRAME works with devices up to 3 inches wide.

12. AIRFRAME was released in 2013 and AIRFRAME+ was released in 2014, and each has received acclaim.

13. The AIRFRAME product line is sold through numerous merchandisers, retailers, and stores nationwide, including Amazon, Target, T-Mobile, AT&T, and Staples, to name just a few. Kenu also markets and sells its AIRFRAME products on the Internet, including through its website located at www.kenu.com.

14. Kenu sought protection for its intellectual property rights associated with its AIRFRAME product line by filing for patents.

15. On August 1, 2017, the United States Patent and Trademark Office issued United States Patent No. US 9,718,412 (the "'412 Patent"), entitled "Adjustable Portable Device Holder," for a portable mount for portable devices. *See* Exhibit A.

16. On May 17, 2013, the inventors of the '412 Patent, Kenneth Y. Minn and David E. Yao, assigned all of their patent rights in the '412 Patent to Kenu, which has continuously held the rights to the '412 Patent since that date.

17. The '412 Patent claims priority to patent application number 29/437,793 filed on November 20, 2012.

18. On May 1, 2018, the United States Patent and Trademark Office issued United States Patent No. US 9,956,923 (the "'923 Patent"), entitled "Adjustable Portable Device Holder," for a portable mount for portable devices. *See* Exhibit B.

19. On May 17, 2013, the inventors of the '923 Patent, Kenneth Y. Minn and David E. Yao, assigned all of their patent rights in the '923 Patent to Kenu, which has continuously held the rights to the '923 Patent since that date.

20. The '923 Patent claims priority to patent application number 29/437,793 filed on November 20, 2012.

21. The AIRFRAME products are Kenu's most sought after and sold products.

22. Kenu makes substantial revenue from the AIRFRAME products.

**B.     Belkin's Infringing Products**

23. In or about March 2017, Belkin introduced its Vent Mount version 2 product ("Vent Mount"), including but not limited to Belkin product numbers F7U017, F7U017ds, and F7U017bt, which competes with Kenu's AIRFRAME products in the market for portable hands free in-car mounts for mobile or smartphone devices.

24. On information and belief, Belkin manufactures, sells, offers to sell, and/or imports, or causes to be manufactured, sold, offered for sale, and/or imported its Vent Mount products into the United States and this District.

25. On information and belief, Belkin markets and advertises the Vent Mount product throughout the United States and in this District using advertisements such as the following:

    (a)    http://www.belkin.com/us/p/P-F7U017ds/;

    (b)    http://www.belkin.com/us/p/P-F7U017/; and

   (c) https://www.apple.com/shop/product/HL502ZM/A/belkin-car-vent-mount-for-iphone.

26. Kenu purchased the Vent Mount, a representative image of which is provided below:

27. The Vent Mount available from Belkin violates Kenu's patent rights.

28. Kenu's '412 Patent and '923 Patent each covers the Vent Mount manufactured, imported, offered for sale, and sold by Belkin.

29. On August 10, 2017, Kenu's attorney sent Belkin's counsel a letter advising that Belkin was placing in the stream of commerce a product that infringed the '412 Patent and demanding that Belkin cease and desist from its infringing conduct.  *See* Exhibit C.

30. Belkin did not respond to Kenu's August 10, 2017 cease and desist letter, and did not confirm that it would stop its infringing conduct.

31. Belkin's Vent Mount remains listed for sale, including on the www.belkin.com website, and on information and belief Belkin continues to sell the Vent Mount.

32. Belkin's willful and deliberate actions have caused significant harm to Kenu.  Kenu has lost customers and revenue due to the illegal and infringing product being put into the stream of commerce by Belkin.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF
INFRINGEMENT OF THE '412 PATENT
35 U.S.C. § 271(a)**

33. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

34. The '412 Patent is entitled "Adjustable Portable Device Holder".

35. The '412 Patent was duly and legally issued by the United States Patent and Trademark Office on August 1, 2017 from an application filed June 10, 2015.

36. Kenu owns, and has for all relevant times owned, all right, title, and interest in the '412 Patent, including the right to sue for past infringement.

37. Each of the claims of the '412 Patent is presumed valid.

38. Claim 19 of the '412 Patent recites:

> (19) A portable device holder comprising:
>
> an adjustable clamping element comprising first and second opposing side grips and a main body, the adjustable clamping element being adjustable by linearly translating, relative to the main body, at least a portion of the adjustable clamping element from which the first side grip extends;
>
> the adjustable clamping element also comprising a compression or torsion spring that facilitates expansion and retraction of the adjustable clamping element upon applying and releasing an expansive force on a surface of the adjustable clamping element;
>
> a mounting element comprising a rotatable base plate flush with and rotatably attached to a back portion of the main body of the adjustable clamping element, the rotatable base plate providing a rotating platform that enables the mounting element to be rotated at least one of clockwise or counter-clockwise relative to the adjustable clamping element;
>
> the mounting element also comprising first and second mounting arms extending from the base plate in a direction away from the main body and defining a mounting slot configured to accommodate engagement with a mounting surface;
>
> wherein the mounting element comprises a metal or alloy sheet stamped to form the base plate with the first and second

mounting arms extending from the base plate and bent relative to the base plate so that the first and second mounting arms extend from the base plate in the direction away from the main body and define the mounting slot therebetween;

wherein the mounting arms also comprise a gripping surface constructed from rubber, polymeric material or plastic;

wherein the mounting slot is rotatable relative to the adjustable clamping element by rotating the base plate relative to the main body of the adjustable clamping element thereby enabling the mounting slot to be selectively rotated between vertical and horizontal arrangements relative to the adjustable clamping element;

wherein when the adjustable clamping element is completely retracted the portion of the adjustable clamping element from which the first side grip extends is flush with a side portion of the main body; and

wherein when the adjustable clamping element is at least partially expanded, by application of an expansive force to cause the portion of the adjustable clamping element from which the first side grip extends to be linearly translated relative to the main body of the adjustable clamping element, there is a gap between the side portion of the main body and the portion of the adjustable clamping element from which the first side grip extends.

39. On information and belief, Belkin has made and continues to make, has sold and has offered to sell and continues to sell and offers to sell, and imported and continues to import products that are covered by at least one valid claim of the '412 Patent, including without limitation Belkin's Vent Mount.

40. On information and belief, Vent Mount is a portable device holder.

41. On information and belief, Vent Mount includes an adjustable clamping element comprising first and second opposing side grips and a main body, the adjustable clamping element being adjustable by linearly translating, relative to the main body, at least a portion of the adjustable clamping element from which the first side grip extends.

42. On information and belief, Vent Mount includes an adjustable clamping element also comprising a compression or torsion spring that facilitates

expansion and retraction of the adjustable clamping element upon applying and releasing an expansive force on a surface of the adjustable clamping element:



43. On information and belief, Vent Mount includes a mounting element comprising a rotatable base plate flush with and rotatably attached to a back portion of the main body of the adjustable clamping element, the rotatable base plate providing a rotating platform that enables the mounting element to be rotated at least one of clockwise or counter-clockwise relative to the adjustable clamping element.

/ / /

/ / /

/ / /

44. On information and belief, Vent Mount includes the mounting element also comprising first and second mounting arms extending from the base plate in a direction away from the main body and defining a mounting slot configured to accommodate engagement with a mounting surface:



45. On information and belief, Vent Mount includes a mounting element comprising a metal or alloy sheet stamped to form the base plate with the first and second mounting arms extending from the base plate and bent relative to the base plate so that the first and second mounting arms extend from the base plate in the direction away from the main body and define the mounting slot therebetween:



TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

- 10 -

FIRST AMENDED COMPLAINT

46. On information and belief, Vent Mount includes mounting arms also comprising a gripping surface constructed from rubber, polymeric material or plastic.

47. On information and belief, Vent Mount includes a mounting slot that is rotatable relative to the adjustable clamping element by rotating the base plate relative to the main body of the adjustable clamping element thereby enabling the mounting slot to be selectively rotated between vertical and horizontal arrangements relative to the adjustable clamping element.

48. On information and belief, when the adjustable clamping element of Vent Mount is completely retracted the portion of the adjustable clamping element from which the first side grip extends is flush with a side portion of the main body.

49. On information and belief, when the adjustable clamping element of Vent Mount is at least partially expanded, by application of an expansive force to cause the portion of the adjustable clamping element from which the first side grip extends to be linearly translated relative to the main body of the adjustable clamping element, there is a gap between the side portion of the main body and the portion of the adjustable clamping element from which the first side grip extends.

50. On information and belief, Belkin has sold and/or provided Vent Mount, and continues to sell and/or provide Vent Mount to third parties, including but not limited to customers, distributors, and/or resellers.

51. At least as of August 10, 2017, Belkin has had actual knowledge and notice of the '412 Patent and its coverage of Vent Mount.

52. On information and belief, Belkin has directly infringed and continues to infringe valid claims of the '412 Patent, including at least claim 19, within the meaning of 35 U.S.C. § 271 by, without Kenu's authority, making, using, selling, and/or offering to sell in, and/or importing Vent Mount into the United States.

53. Kenu has suffered damages as a result of Belkin's infringement of the '412 Patent and will continue to suffer damages as long as those infringing activities continue, the amount of those damages to be proven at trial.

54. Kenu has been and will continue to be irreparably harmed by Belkin's infringement of the '412 Patent unless and until such infringement is enjoined by this Court.

55. Belkin continues to infringe the '412 Patent willfully and deliberately. Belkin knew or should have known that there was an objectively high likelihood that its actions constituted infringement of one or more claims of the '412 Patent.

56. As a result of Belkin's deliberate, intentional and willful infringement, Kenu is entitled to enhanced damages under 35 U.S.C. § 284.

57. As a direct and proximate cause of the infringement by Belkin, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, as well as enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284, 285.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF THE '923 PATENT
## 35 U.S.C. § 271(a)

58. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

59. The '923 Patent is entitled "Adjustable Portable Device Holder".

60. The '923 Patent was duly and legally issued by the United States Patent and Trademark Office on May 1, 2018 from an application filed July 19, 2017.

61. Kenu owns, and has for all relevant times owned, all right, title, and interest in the '923 Patent, including the right to sue for past infringement.

62. Each of the claims of the '923 Patent is presumed valid.

63. Claim 1 of the '923 Patent recites:

(1) A portable device holder comprising:

an adjustable clamping element configured to be expanded and retracted to removably attach one of a plurality of different sized portable devices to the portable device holder;

the adjustable clamping element comprising an elastic retracting or biasing element that facilitates expansion and retraction of the adjustable clamping element;

a mounting element comprises a metal or alloy sheet stamped to form a base plate and four mounting arms, with the four mounting arms extending from the base plate and bent relative to the base plate so that the four mounting arms extend from the base plate and define at least one mounting slot;

the mounting arms of the mounting element also comprising a gripping surface constructed from rubber, polymeric material or plastic;

the mounting element rotatably attached to the adjustable clamping element such that the mounting arms extend in a direction away from a body of the adjustable clamping element;

the at least one mounting slot rotatable relative to the adjustable clamping element by rotating the base plate relative to the body of the adjustable clamping element thereby enabling the at least one mounting slot to be selectively rotated between vertical and horizontal arrangements relative to the adjustable clamping element;

wherein the portable device holder has a front and a back;

wherein the adjustable clamping element has a width that increases when the adjustable clamping element is expanded;

wherein the adjustable clamping element has a height that is perpendicular to the width;

wherein the height of the adjustable clamping element is less than half of the width of the adjustable clamping element when the adjustable clamping element is completely retracted; and

wherein the adjustable clamping element is configured to hold a smartphone widthwise, by clamping opposing sides of the smartphone, without contacting and otherwise obstructing a bottom of the smartphone and without contacting and otherwise obstructing a top of the smartphone; and

wherein the mounting element is rotatably attached to the adjustable clamping element such that the rotatable mounting element is centered relative to the height of the adjustable clamping element and remains centered relative to the height of the adjustable clamping element when the mounting element is

rotated clockwise or counter-clockwise relative to the adjustable clamping element.

64. On information and belief, Belkin has made and continues to make, has sold and has offered to sell and continues to sell and offers to sell, and imported and continues to import products that are covered by at least one valid claim of the '923 Patent, including without limitation Belkin's Vent Mount.

65. On information and belief, Vent Mount is a portable device holder.

66. On information and belief, Vent Mount includes an adjustable clamping element configured to be expanded and retracted to removably attach one of a plurality of different sized portable devices to the portable device holder:

**ADJUSTS TO FIT YOUR DEVICE**

This versatile, low-profile mount clips easily to most vents, so you can use it in any vehicle. The adjustable brackets expand to fit most smartphones with screen sizes up to 5.5 inches, including the iPhone, Samsung, and other smartphones on the market.

(Excerpted from: http://www.belkin.com/us/p/P-F7U017/ (Apr. 30, 3018)).

67. On information and belief, Vent Mount includes an adjustable clamping element comprising an elastic retracting or biasing element that facilitates expansion and retraction of the adjustable clamping element.

68. On information and belief, Vent Mount includes a mounting element comprising a metal or alloy sheet stamped to form a base plate and four mounting arms, with the four mounting arms extending from the base plate and bent relative to the base plate so that the four mounting arms extend from the base plate and define at least one mounting slot.

69. On information and belief, Vent Mount includes mounting arms of the mounting element also comprising a gripping surface constructed from rubber, polymeric material or plastic.

70. On information and belief, Vent Mount includes a mounting element rotatably attached to the adjustable clamping element such that the mounting arms extend in a direction away from a body of the adjustable clamping element.

71. On information and belief, Vent Mount includes at least one mounting slot rotatable relative to the adjustable clamping element by rotating the base plate relative to the body of the adjustable clamping element thereby enabling the mounting slot to be selectively rotated between vertical and horizontal arrangements relative to the adjustable clamping element.

72. On information and belief, Vent Mount has a front and a back.

73. On information and belief, Vent Mount includes an adjustable clamping element that has a width that increases when the adjustable clamping element is expanded.

74. On information and belief, Vent Mount includes an adjustable clamping element that has a height that is perpendicular to the width.

75. On information and belief, Vent Mount includes an adjustable clamping element where the height of the adjustable clamping element is less than half of the width of the adjustable clamping element when the adjustable clamping element is completely retracted.

/ / /

/ / /

/ / /

76. On information and belief, Vent Mount includes an adjustable clamping element that is configured to hold a smartphone widthwise, by clamping opposing sides of the smartphone, without contacting and otherwise obstructing a bottom of the smartphone and without contacting and otherwise obstructing a top of the smartphone:

(Source: http://www.belkin.com/us/p/P-F7U017/ (Apr. 30, 3018)).

77. On information and belief, Vent Mount includes a mounting element that is rotatably attached to the adjustable clamping element such that the rotatable mounting element is centered relative to the height of the adjustable clamping element and remains centered relative to the height of the adjustable clamping element when the mounting element is rotated clockwise or counter-clockwise relative to the adjustable clamping element.

78. On information and belief, Belkin has sold and/or provided Vent Mount, and continues to sell and/or provide Vent Mount to third parties, including but not limited to customers, distributors, and/or resellers.

79. On information and belief, Belkin has directly infringed and continues to infringe valid claims of the '923 Patent, including at least claim 1, within the

meaning of 35 U.S.C. § 271 by, without Kenu's authority, making, using, selling, and/or offering to sell in, and/or importing Vent Mount into the United States.

80. Kenu has suffered damages as a result of Belkin's infringement of the '923 Patent and will continue to suffer damages as long as those infringing activities continue, the amount of those damages to be proven at trial.

81. Kenu has been and will continue to be irreparably harmed by Belkin's infringement of the '923 Patent unless and until such infringement is enjoined by this Court.

82. Belkin with knowledge that Vent Mount infringes the '923 Patent at least as of the date of this Complaint, infringes and continues to infringe the '923 Patent willfully and deliberately. Belkin knew or should have known that there was an objectively high likelihood that its actions constituted infringement of one or more claims of the '923 Patent at least as of the date of this Complaint.

83. As a result of Belkin's deliberate, intentional and willful infringement, Kenu is entitled to enhanced damages under 35 U.S.C. § 284.

84. As a direct and proximate cause of the infringement by Belkin, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, as well as enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284, 285.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION
## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

85. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

86. The above described acts and omissions, including, but not limited to Belkin's continued infringement of Kenu's utility patents constitute Unfair Competition under Section 17200 *et. seq.* of the California Business & Professions Code.

87. By reason of these wrongful acts and omissions by Belkin, Kenu has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Belkin have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to Kenu.

## PRAYER FOR RELIEF

Wherefore, Kenu prays for judgment as follows against each defendant:

1. Injunctive relief;
2. Reasonable royalties in an amount to be proven at trial;
3. Lost profits in an amount to be proved at trial;
4. Enhanced damages;
5. Kenu's attorney's fees and costs as provided by law; and
6. Such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kenu respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 1, 2018

TROUTMAN SANDERS LLP

By: */s/ Marcus T. Hall*
Marcus T. Hall
Attorneys for Plaintiff
KENU, INC.

35113191